# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| SHAMPOIRE ORANGE, | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:19-cv-38 |
| v. | * | |
| GARY SIMMONS, et al., | * | |
| Defendant. | * | |

### ORDER

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated January 4, 2021. Dkt. No. 52. In the Report, the Magistrate Judge recommended the Court dismiss Plaintiff's Amended Complaint due to Plaintiff's failure to exhaust his administrative remedies. Dkt. No. 48.

In his Objections, Plaintiff sets forth three arguments. Dkt. No. 52. First, Plaintiff states he submitted a grievance he filed on September 8, 2017 with his response brief. Id. The Magistrate Judge already considered this grievance and correctly concluded at Turner step two Plaintiff did not file the grievance in September 8, 2017,[1] because it "bears no grievance

---

[1] Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008).

number, no date received, [and] no response from any grievance office." Dkt. No. 48, p. 7. The Magistrate Judge also noted the allegedly filed grievance "is on a form that was not in use at the time it was allegedly filed." Id.

Second, Plaintiff states he submitted an open records request he sent to Ware County Jail asking for copies of his grievances, but officials never responded. Dkt. No. 52, p. 1. Whether Ware County Jail failed to respond to Plaintiff's open records request is immaterial. The proper avenue for Plaintiff to obtain information regarding exhaustion would be through discovery, not an open records request. Plaintiff has never requested to conduct discovery regarding exhaustion. Further, Plaintiff had a full and fair opportunity to develop the record in this case because he submitted two briefs to the Court. Dkt. Nos. 36, 46.

In the open records request Plaintiff refers to, he requests "[a] copy of all grievance write [sic] about incident occurred [sic] on Sept 5, 2017 (specifically grievance written [sic] on Sept 8, 2017)." Dkt. No. 46-3, p. 2. The Court cannot discern based on the request submitted whether it was ever actually mailed to Ware County Jail. Id. Regardless, Ware County Jail may have failed to respond to the request simply because such a grievance does not exist. As the Magistrate Judge suggested, the Court has serious doubts as to whether any

2

such grievance exists when Plaintiff appears to have falsified a grievance simply to survive Defendants' Motion to Dismiss. The Jail Administrator, Ralph Pittman, submitted a sworn affidavit stating, "I have reviewed the Ware County Detention Center's records and can confirm that Plaintiff did not file a grievance on September 8, 2017." Dkt. No. 36-1, p. 2. Thus, any open records request or discovery conducted by Plaintiff, even though not requested, would have likely proven fruitless.

Third, Plaintiff describes his transfer out of Ware County Jail within the 15-day period jail administrators are permitted to respond under the relevant grievance policy. Dkt. No. 52, p. 1. Plaintiff appears to suggest he does not have a copy of the grievance because he was transferred before administrators could respond. Id. However, the Magistrate Judge correctly determined Plaintiff did not submit a grievance on September 8, 2017, based on the evidence presented. Dkt. No. 48, p. 6. Because Plaintiff never submitted a grievance in 2017, his transfer after the 15-day filing window allowed by the relevant grievance policy is also immaterial. Dkt. No. 20-2, p. 4. For these reasons, the Magistrate Judge did not err in finding Plaintiff failed to exhaust his administrative remedies and granting Defendants' Motion to Dismiss.

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and

Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **DENIES as moot** Defendants' first Motion to Dismiss, **GRANTS** Defendants' Motion to Dismiss Amended Complaint, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff *in forma pauperis* status on appeal. In addition, the Court **DENIES as moot** Defendants' Motion to Stay Deadlines. Dkt. No. 49.

  **SO ORDERED**, this \_\_\_9\_\_\_ day of \_\_\_March_____, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)